UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7203 MRW | Date | November 14, 2023 |
|---|---|---|---|
| Title | Vega v. City Loan Holdings | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | James Muñoz | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Plaintiff: | | Attorneys for Defendant: |
| n/a | | n/a |

**Proceedings:**   ORDER REMANDING ACTION TO STATE COURT

      1.     The Court held a hearing on Plaintiffs' motion to remand this action to the state superior court. (Docket # 10, 27.) As stated at the hearing, it's likely that diversity of citizenship jurisdiction actually exists in this action. However, the Comvest defendants acknowledge that – for reasons made clear in their papers – they have affirmatively withheld key information about some of their members.

      2.     The Court concludes that, as a factual matter, the defense has not adequately proved the citizenship of all of the parties in the action. As a result, this federal court does not have jurisdiction over the case. Because the defense wishes to maintain this "data status quo," the action must be remanded.

\* \* \*

      3.     An extensive factual summary of the case is not warranted. Plaintiffs are a class of employees holding a wage-and-hour judgment against a defunct employer. Plaintiffs amended their state court collection action to add several entities (the Comvest defendants, which may have invested in or loaned money to the ex-employer) as alleged alter ego parties in that case.

      4.     The Comvest defendants removed the action to federal court, alleging that complete diversity of citizenship existed. As laid out in a chart in the defense opposition brief (Docket # 33 at 9-10), two of the Comvest defendants are limited liability corporations (Comvest Capital II Partners UGP and Comvest Group GP) and one is a limited partnership (Comvest Capital II Partners). In various iterative disclosures since the beginning of this federal action (Docket # 1, 4, 14, 26, 34), the defense provided the identities and citizenship of the named parties and their principals and sub-partners.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7203 MRW | Date | November 14, 2023 |
|---|---|---|---|
| Title | Vega v. City Loan Holdings | | |

    5.    But not completely. The defense did not disclose the identity of the individual who owns Comvest Group GP, only identifying her/him as a citizen of Florida. This individual, in turn relates to and may be the control person for another of the named defendants: Comvest Group GP is the sole member of the company that owns Defendant Comvest Capital II Partners UGP. (Docket # 33 at 9-10.)

    6.    Additionally, the defense did not fully identify the limited partners of Defendant Comvest Capital II Partners. According to an executive involved with the Comvest folks (that's the best understanding I have of Mr. Rodriguez's position (Docket # 34 at 2)), one partner is itself an unnamed limited partnership. That New York entity has an unknown number of partners, none of whom are identified in the declaration. Even so, Mr. Rodriguez swears that he is "informed and believe[s]" that none of those people are California citizens. His declaration provides no understandable basis for this information or belief. (<u>Id.</u> at 3.)

    7.    The other limited partnership involved in Comvest Capital II Partners is a Florida group of "several individuals and professionals that [sic] work for Comvest" as partners / members. (<u>Id.</u> at 3-4.) None are named or described with more particularity.

\* \* \*

    8.    In the absence of any federal questions in the complaint, this district court only has jurisdiction over a civil action where the matter in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332.

    9.    "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal" from state court. <u>Marin Gen'l. Hosp. v. Modesto & Empire Traction Co.</u>, 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted). That burden must be carried by a preponderance of the evidence. <u>Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka</u>, 599 F.3d 1102, 1106–07 (9th Cir. 2010). A removing defendant must support its jurisdictional claim with "competent proof" of diversity. <u>Leite v. Crane Co.</u>, 749 F.3d 1117, 1122 (9th Cir. 2014).

    10.    "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001). A district court ordinarily should allow a party to "correct a failure to set forth diversity" by amendment of a pleading or the submission of additional evidence; "technical defects or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7203 MRW | Date | November 14, 2023 |
|---|---|---|---|
| Title | Vega v. City Loan Holdings | | |

failure to specifically allege the citizenship of a party can be cured." Whitmire v. Victus Ltd., 212 F.3d 885, 887-88 (9th Cir. 2000).

11. For diversity purposes, a partnership "is a citizen of all of the states of which its partners are citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Similarly, "like a partnership, an LLC is a citizen of every state of which its owners / members are citizens." Id. In assessing jurisdiction, a federal court "needs to know the citizenship of each 'sub-member' [of an LLC or partnership] as well." 19th Capital Group, LLC v. 3GGG's Truck Lines, Inc., No. CV 18-2493 PA (RAOx), 2018 WL 6219886 at *2 (C.D. Cal. 2018) (quotation omitted). "[C]onclusory statements" about a party's citizenship may be "insufficient" and not persuasive to establish jurisdiction. Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 65 (9th Cir. 2011).

12. A decision to remand an action for lack of diversity of citizenship jurisdiction is ordinarily not subject to federal appellate review. BP PLC v. Mayor and City Council of Baltimore, ___ U.S. ___, 141 S. Ct. 1532, 1536 (2021).

\* \* \*

13. The defense's submissions in support of removal and in opposing the remand motion do not meet these not-so-high standards. The Comvest parties admit that they are obliged to prove the citizenship of the sub-partners and members of their investment entities. Marin Gen'l. Hosp., 581 F.3d at 944; Johnson, 437 F.3d at 899. I also freely acknowledge that none of the parties presented this Court with authority for the specific principle that each of those sub-owners must be identified by name, home address, or other personal identifying information.

14. But the refusal to provide information within the party's control obviously undermines the credibility and persuasiveness of an evidentiary presentation. For the defense to withhold the identity of the owner Comvest Group GP – and then try to convince me that s/he is a citizen of particular state – is unconvincing. This is not a situation in which a party is attempting to plead the citizenship of an adversary. Rather, this is a litigant seeking the benefit of federal court jurisdiction while concealing important information in its control that is directly related to this determination. It also raises the specter that ominous jurisdictional questions could be re-asserted at a later stage of the action. Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7203 MRW | Date | November 14, 2023 |
|---|---|---|---|
| Title | Vega v. City Loan Holdings | | |

(district court has "a continuing obligation to assess its own subject-matter jurisdiction" throughout litigation).

      15.    I conclude that the defense's cryptic evidentiary presentation fails to establish that the parties are completely diverse under § 1332. Geographic Expeditions, Inc., 599 F.3d at 1106–07; Leite, 749 F.3d at 1122. I also conclude that the "moral hazard" (Docket # 33 at 18) of potentially being sued does not present an "unusual circumstance" that justifies the withholding of jurisdictional information. Kanter, 265 F.3d at 857.

      16.    Finally, I conclude that the defense's brief statements regarding the members of the limited partnerships underlying Comvest Capital II Partners are far too conclusory and devoid of attribution to carry the evidentiary burden regarding their citizenship. Lindley Contours, LLC, 414 F. App'x at 65; 19th Capital Group, LLC, 2018 WL 6219886 at *2. Mr. Rodriguez's belief (without more) about where these folks live does not properly establish a basis for this federal court to exercise jurisdiction in this matter.

\* \* \*

      17.    At the hearing on the motion, I had a vigorous back-and-forth discussion with the talented Mr. Rothman about whether his clients wanted to amend / supplement their disclosures again in an effort to prove up federal jurisdiction. He said they do not. For this reason, then, there is no need for further proceedings in this Court. Whitmire, 212 F.3d at 887-88. The Clerk is directed to remand the action to the Los Angeles County Superior Court and close this federal action.[1]

---

[1] The Court expressly declines to address Plaintiff's Younger-based argument regarding remand. (Docket # 27 at 7.) The Court also does not take up the defense's dismissal motion (Docket # 7, 28) due to lack of jurisdiction.